OPINION
{¶ 1} Donald R. Wolfe appeals from his conviction in the Montgomery County Common Pleas Court of Robbery in violation of R.C. 2911.02(A)(2). Wolfe's appointed counsel has filed an Ander's brief asserting that there is no arguable merit to the appeal. Wolfe was granted 60 days to file his own brief in this matter on December 22, 2004. He has not filed a brief to this date.
 {¶ 2} The State presented evidence that Melvin Baker was robbed of eleven dollars on October 18, 2004 as he was returning from a Taco Bell in the city of Dayton. Baker testified he went to the Taco Bell on his sister's bicycle carrying eleven dollars in his hand when a car struck him as he entered an intersection. Baker was not injured but the front wheel of his bicycle was damaged and he was required to walk home pushing his bike beside him.
 {¶ 3} As Baker was walking home, he saw two suspicious young men eyeing him so he placed the eleven dollars in his right front pocket. Baker said one of the men he later identified as Ronald Watson approached him directly while the defendant, Donald Wolfe, circled around behind him. Baker said Watson approached him and grabbed his bike. Baker said Watson released the bike and doubled up his fist as if he was going to strike him and so he punched Watson. Baker said that as Watson fell to the ground, the defendant hit him in the back of his neck and he fell to the ground. Baker said Watson and the defendant began kicking him in the chest area and side. Baker said they then rifled his pockets and removed his apartment keys and the eleven dollars. Baker said he later went to the hospital for treatment of his injuries.
 {¶ 4} Baker testified he picked Watson and Wolfe out of two separate spreads of six photographs each. He positively identified the defendant as one of the robbers during a courtroom identification.
 {¶ 5} During the re-direct examination, Baker marked a diagram with a "v" to depict his location in relation to Watson and the defendant during the assault. The prosecutor stated that the "v" stood for victim. (Tr. 89).
 {¶ 6} Baker said he served in the Marine Corps for eight years and he was wary of Watson and the defendant and had a good view of them before, during and after the assault.
 {¶ 7} The defendant testified in his own behalf and denied robbing Baker. He said his friend Watson did rob Baker of the eleven dollars but he did not participate in any manner. He said he didn't need the money because he had just been paid fifty dollars for doing some roofing. On cross-examination, the prosecutor asked the defendant if he hadn't told the investigating police detective that he had three children which he didn't support. Defense counsel objected to the prosecutor's question and the trial court sustained the objection.
 {¶ 8} Counsel argues that the only possible arguable issues were the use of the term "victim" to characterize Baker and the reference by the prosecutor to defendant's not supporting his children. We agree that neither of these contentions have any arguable merit. Baker was obviously a victim of a robbery by the defendant's own admission that he saw Watson rob Baker. The prosecutor's question concerning the defendant not supporting his children was properly determined to be objectionable by the trial court.
 {¶ 9} In conclusion, we are satisfied the State proved the defendant's guilt beyond a reasonable doubt and he received a fair trial. His conviction is affirmed.
Wolff, J., and Donovan, J., concur.